**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re:<br><br>IIG Global Trade Finance Fund Ltd. (in Official Liquidation), *et al.*,<br><br>Debtors. | Case No. 20-10132 (MEW)<br><br>Chapter 15<br><br>Jointly Administered |

---

**ORDER (I) AUTHORIZING THE FOREIGN REPRESENTATIVES TO ENTER INTO A
SETTLEMENT AGREEMENT AND (II) ENTRUSTING SETTLEMENT FUNDS TO
THE FOREIGN REPRESENTATIVES FOR DISTRIBUTION IN THE
CAYMAN ISLANDS PROCEEDINGS**

Upon the motion [ECF No. 104] (the "Motion")[1], dated June 27, 2023, of Christopher Kennedy and Alexander Lawson, the duly appointed joint official liquidators and recognized foreign representatives (the "**Liquidators**" or the "**Foreign Representatives**") of IIG Global Trade Finance Fund Ltd. (In Official Liquidation) ("**GTFF**") and IIG Structured Trade Finance Fund Ltd. (in Official Liquidation) ("**STFF**," and together with GTFF, the "**Debtors**") in the above-captioned chapter 15 cases, for entry of an order authorizing their entry into the settlement (the "**Settlement Agreement**") among the Debtors, Malta Bank, TriLinc, VRF, Girobank and the bankruptcy trustee of TOF BV, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 112(b), 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and there being no opposition thereto; and the Court having determined that

---

[1] Capitalized terms used herein, but not defined herein, shall have the meaning ascribed to them in the Motion.

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, their estates, their stakeholders, and the Court having been advised that one party to the settlement has not yet obtained the necessary authority to enter into it, but has applied for such authority; and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to Bankruptcy Rule 9019, the Liquidators are authorized to enter into the Settlement Agreement substantially in the form attached hereto as Exhibit 1.

3. The Foreign Representatives are authorized to execute and deliver, and fully perform any and all obligations, instruments, documents, and papers and to take any and all actions reasonably necessary or appropriate to consummate, complete, execute, and implement the Settlement Agreement in accordance with the terms and conditions of the Settlement Agreement.

4. The Settlement Agreement will be effective (for purposes of this Order) when all other parties have obtained the necessary authorizations to execute it and have done so. When those conditions have been satisfied, Plaintiffs shall request the Court to enter an order authorizing and directing the Clerk of the Court to wire transfer the Settlement Funds that were deposited into the Court's disputed ownership registry in the adversary proceeding styled *IIG Global Trade Finance Fund, Ltd. (In Official Liquidation), et. al. v. Chaffetz Lindsey LLP et. al.*, Adv. Proc. No. 21-01215 (MEW) to the client trust account of Pillsbury Winthrop Shaw Pittman LLP.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      July 20, 2023

                          **s/Michael E. Wiles**
                          THE HONORABLE MICHAEL E. WILES
                          UNITED STATES BANKRUPTCY JUDGE